**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN WESLEY PAUL,

Plaintiff,

v. No. 1:26-cv-02731-SCY

CATHLEEN CATANACH and
ADRIENNE JACKSON,

Defendants.

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,**
**ORDER TO SHOW CAUSE,**
**AND ORDER DENYING MOTION FOR COMPENSATION**

This matter comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 18, 2026 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 18, 2026 ("Application"), and Plaintiff's Motion for Compensation, Doc. 5, filed August 18, 2026.

**Order Granting Motion to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $994.00; (ii) Plaintiff's monthly expenses total $654.00; and (iii) Plaintiff has no cash and $300.00 in a bank account. The Court thus finds that Plaintiff is unable to pay the costs of this proceeding.

**Order to Show Cause**

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Defendant Cathleen Catanach is a former supervisor of records for the New Mexico Department of Corrections and Defendant Adrienn Jackson is employed by the New Mexico Parole Board. *See* Complaint at 1-2. Plaintiff alleges Defendants:

> took away all of the 23 years and 9 months that was deducted [from Plaintiff's judgment and sentence] on August 10, 1972" . . . [and] added 6 years 10 months and 18 days in 1996 to this unlawful new sentence without legal authority, which was just another punishment for the many years of writing Grievences, letters to Records Departments, Wardents and Secretary of Corrections; filing Habaes Corpus and Mandamus attemping to get a [judgment and sentence] for the sentence and parole that was being served and to correct Meritorious Good Time (MGT) that was being calculated not in accord with statute nor policy that governs Appellant sentencing act. [] The Defendants-Appellees miscalculated Appellant's MGT, even after the correct MGT was brought up in District Court. . .

[sic] Complaint at 3. Plaintiff asserts claims for fraud on the state court, perjury, slander, and defamation. *See* Complaint at 3-4.

The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department*, 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, the Complaint fails to state a plausible claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The Complaint does not explain what federally protected right Plaintiff believes each Defendant violated. Also, while the Complaint alleges Defendants "took away" time that was deducted from his sentence in 1972 and "added" time to his sentence in 1996, the Complaint does not contain factual allegations explaining how Defendants changed Plaintiff's sentence and how Defendants actions, which apparently occurred during proceedings in New Mexico District Court and the New Mexico Court of Appeals, deprived Plaintiff of federally protected rights. *See* Complaint at 3-4 (alleging Defendants "committed slander and defamation of character in District Court," after Plaintiff's "correct MGT was brought up in District Court, the same fraud documents were used in State Appeals allowing the Appeals Court to deny Appellant's Motion" and Defendants "committed Fraud and Perjury upon the court in both District and State Appeals Court"). A complaint must not only identify the statutory or constitutional provision under which the claim arises, it must also "allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Second, it appears Plaintiff's claims pursuant to Section 1983 may be barred by the statute of limitations. "[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims." *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). The Complaint alleges the "Department of Corrections added a new larger sentence . . . in 1992" and that Defendants "added 6 years 10 months and 18 days in 1996." There are no allegations in the Complaint showing that Defendants deprived Plaintiff of a federally protected right within the last three years.

Third, the Complaint fails to state claims pursuant to state law for fraud and defamation. "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). To support Count II, fraud and perjury upon the state district court and the state court of appeals, and Count III, collusion, fraud, and defamation, Plaintiff refers to attachments to the Complaint. *See* Complaint at 4 (there does not appear to be a Count I in the Complaint). A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). An "allegation" is "[s]omething declared or asserted as a matter of fact, esp. in a legal pleading; a party's formal statement of a factual matter as being true or provable, without its having yet been proved." *Allegation*, Black's Law Dictionary (12th ed. 2024). The information in the Memorandum of Warden, the Directive from Attorney General,

and the Parole Hearing Worksheet Plaintiff attached to the Complaint are not Plaintiff's statements of factual matters and thus are not allegations for stating a plausible claim.

The Court notifies Plaintiff that if the Court dismisses Plaintiff's federal law claims, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff agrees with the Court's analysis regarding these deficiencies in his Complaint, rather than show cause, Plaintiff may amend the Complaint. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoted above). The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in *numbered* paragraphs") (emphasis added); *see also* Complaint at 3 (designating paragraphs with letters).

**Order Denying Motion for Compensation**

Plaintiff seeks compensation for the harms he suffered allegedly as a result of Defendants' actions pursuant to New Mexico Rule of Civil Procedure 1-060.B and Federal Rule of Civil Procedure 60(b). *See* Motion for Compensation at 1. New Mexico Rule of Civil Procedure 1-060.B allows *the state district court* to relieve a party from a state-court judgment or

based on, among other things, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence and fraud. *See* N.M.R.A. 1-060.B. Federal Rule of Civil Procedure 60(b) similarly allows United States District Courts to relieve a party from a final judgment or order *entered in federal court* for several reasons. *See* Fed. R. Civ. P. 60(b).

The Court denies Plaintiff's Motion for Compensation without prejudice. Neither New Mexico Rule of Civil Procedure 1-060.B nor Federal Rule of Civil Procedure 60(b) allow this United States Court to relieve a party of a state-court judgment or order. Plaintiff may include his request for compensation for harms allegedly arising from Defendants' actions in his amended complaint. *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause why the Court should not dismiss this case. The Court will address service after this Order to Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 2, filed August 18, 2026, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case or (b) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

(iii) Plaintiff's Motion for Compensation, Doc. 5, filed August 18, 2026, is **DENIED without prejudice**.

Steve Yarbrough

**UNITED STATES MAGISTRATE JUDGE**